UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JARRIT BOWER ET AL                CIVIL ACTION NO.  6:20-CV-00579

VERSUS                            JUDGE SUMMERHAYS

SCOTT WURTH ET AL                 MAGISTRATE JUDGE WHITEHURST

### REPORT AND RECOMMENDATION

Pending before the undersigned magistrate judge is the Motion to Remand [Doc. 9] filed by the plaintiffs, Jarrit and Heather Bower.  The motion is opposed by defendants Great West Casualty Co., Scott Wurth, Wurth Brothers, Inc. ("defendants") [Doc. 20], and plaintiffs filed a reply brief [Doc. 21].[1] For the following reasons, the undersigned recommends that the Motion to Remand be DENIED.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of an automobile accident that occurred on March 21, 2019 in Lafayette Parish, Louisiana.  The plaintiffs, Jarrit and Heather Bower, were traveling in a vehicle operated by Jarrit Bower when they were hit by a vehicle operated by Scott Wurth as Wurth allegedly attempted to merge into the plaintiffs' lane of travel.  On March 20, 2020, plaintiffs filed suit against Wurth, Wurth

---

[1] The reply brief filed by plaintiffs has been deemed deficient by the Clerk of Court, however, in the interests of judicial economy, the reply brief was considered by the undersigned.

Brothers Inc., Great West Casualty Company, and State Farm Mutual Automobile Insurance in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana, alleging claims for property damages and personal injuries to Jarrit Bower, which include a herniation, and to Heather Bower, which include a torn annulus. Named as defendants were Scott Wurth, Wurth Brothers, Inc., Great West Casualty Company, State Farm Mutual Automobile Insurance Company, and ABC Corporation.

As of May 5, 2020, no service had been requested or effectuated upon any of the defendants, including the movants herein. Defendants removed the matter to this Court on May 6, 2020. Plaintiffs filed a motion to remand on June 5, 2020, arguing that removal was untimely and also improper because complete diversity is lacking. Defendants challenge both of these arguments in their opposition brief. The issues have been fully briefed and are now ripe for review.

## II. ANALYSIS

This suit was removed by the defendants on the basis of diversity. Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See, e.g.*, *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question, 28 U.S.C. § 1331, and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332.

For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate*, 243 F.3d at 916. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction. *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v.*

3

*Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Accordingly, the defendants, as the removing parties, have the burden of establishing that this Court has subject-matter jurisdiction over this action.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*). Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. In this case, the removing defendants contend that these criteria are satisfied.

### A. <u>Was Removal Timely?</u>

With respect to the mechanics of removal, any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. 1441(a). 28 U.S.C. 1446(b)(1) states that notice of removal must be filed within "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." A defendant's right to removal runs from the date on which it is formally served with process." *Thompson*

*v. Deutsche Bank Nat'l Trust Co.*, 775 F.2d 298, 303 (5th Cir. 2014), *citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1325 (1999).

The Fifth Circuit has found that the deadlines set forth in 28 U.S.C. §1446 do not limit a defendant's' ability to remove a case before it has been served with the complaint. *Griffin v. Liberty Mut. Ins. Co.*, 2015 WL 1132745 at *3 (W.D. La. 2015), *citing Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). In *Murphy Bros., infra*, the Supreme Court explained the trigger for delays in removing a case as follows:

> The question presented is whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30–day period start earlier, on the named defendant's receipt, before service of official process, of a "courtesy copy" of the filed complaint faxed by counsel for the plaintiff?
>
> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999).

District courts within the Fifth Circuit have cited *Murphy* in holding that formal service of the complaint is required to trigger the delays for removal. In *Cenni v. Home Depot U.S.A., Inc.*, 2011 WL 4915546, at *1–2 (E.D. La. Oct. 17, 2011), the plaintiffs provided defendants with a courtesy copy of the complaint on May 19, 2011, the same date the complaint was mailed with filing fees to the state court clerk's office. As in this case, the plaintiffs did not serve the defendants with a copy of the complaint. After the defendants removed the matter to federal court, the plaintiffs filed a motion to remand arguing that the notice of removal was procedurally defective because it was untimely, requiring remand of the case to state court. *Id.* Plaintiffs argued that because defendants did not file their Notice of Removal until July 22, 2011, defendant's removal was beyond the 30–day time period for timely removal. *Id.* The defendant responded that its Notice of Removal was timely because it was filed less than 30–days after it received service of process of the plaintiffs' petition on its registered agent on June 28, 2011 and challenged the plaintiff's claim that receipt of a courtesy copy of a petition is sufficient to commence the time for removal, citing *Murphy Brothers*. *Id.* at *2. The district court agreed with the defendants, explaining:

> Because this matter is before the Court based upon diversity jurisdiction, the Court must apply Louisiana law to determine the validity of service made in state court prior to removal. *Hutchinson v.*

6

> *Dollar Gen. Corp.*, 2008 WL 1803778, at *2 (M.D. La. Apr. 18, 2008). In states like Louisiana where formal process requires the summons and the citation to be served together, *see* La. Code Civ.Proc. art. 1202 (requiring the citation to be accompanied by a certified copy of the petition), the Supreme Court holds that the 30–day period for removal does not begin to run until the defendant has been properly served with both the summons and citation. *Murphy Bros., Inc.*, 526 U.S. at 354. Additionally, since Home Depot is a foreign corporation doing business in Louisiana . . . service of process is effectuated by personal service on any one of its agents for service of process. *See* La.Code.Civ.Proc. art. 1261; *Punctual Abstract Co., Inc. v. U.S. Land Title*, 28 So.3d 459, 463 (La. App. 5th Cir. 2009).
>
> It is undisputed that service of process of the citation and petition was made on Home Depot's agent for service of process on June 28, 2011. Home Depot then filed its Notice of Removal on July 22, 2011. *See* (R. Doc. 1). Thus, this Notice was timely under the removal statute, 28 U.S.C. 1446(b). While the Court recognizes the plain language of the removal statute may indicate formal service of process is not required to start the clock for removal, it is bound the Supreme Court's decision in *Murphy Brothers* and the Fifth Circuit's recognition of this decision in *Board of Regents of University of Texas System v. Nippon Telephone & Telegraph Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

*Id.* at *3. *See also Bodin v. HCC Life Ins. Co.*, cite (W.D. La. Feb. 2, 2018) (finding service did not run until defendant was served with the judgment from the secretary of state because no formal service was made of the original).

In the instant case, as of the filing of the instant motion, the removing defendants and movants herein had not been served with a copy of the complaint. Rather, defendants argue that plaintiff's' counsel emailed an illegible copy of the complaint on March 19, 2020, the same date the petition was filed. In their reply

7

brief, plaintiffs discuss circumstances surrounding plaintiffs' counsel's transmittal of the petition to defense counsel by email, however nothing in the reply brief on this point persuades the undersigned that service was properly made so as to trigger the removal delays. Importantly, none of the plaintiffs' arguments are supported by caselaw. Under established law, the transmittal of the petition to defense counsel by email does not qualify as formal service that started the delays for removal. Under the rules, the defendants have thirty days from formal service of the complaint to remove this matter. As formal service has not been effected, the defendants' removal of this matter to this Court was timely.

### B. Does the Amount in Controversy Exceed the Statutory Threshold?

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith. *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992). When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This burden can be satisfied either by demonstrating that the amount in controversy is

facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H*, 63 F.3d at 1335.

In this case, plaintiffs' petition is silent as to the amount of damages claimed. In Paragraph 8 of the petition, however, plaintiffs allege that they "sustained damages, including, but not limited to, injuries to their musculoskeletal systems, spines, hip and other anatomical areas and body systems causing permanent pain, impairment and disabilities, past and future medical expenses and other health care expenses, past and future pain and suffering, mental anguish, loss of enjoyment of life, loss of quality of life, loss of function and range of motion to anatomical areas and body systems, loss of past and future income, loss of earning capacity, loss of consortium and other damages to be proven at trial of this matter." *R. 1-1, at ¶8*. Plaintiffs further allege that "Great West Casualty Company . . . failed to properly and timely negotiate and settle all aspects of the property damage in this matter and, in fact, certain property damages remain unpaid at this time including diminution of value and loss of use and others and no personal injury damages settlements have been offered or paid at this time to the named plaintiffs. *R. 1-1, at ¶10*.

Despite these allegations in the petition, Plaintiffs appear to argue in their

9

reply brief that the jurisdictional amount is not satisfied in this matter. *R. 21, p. 5.* Defendants, however, have attached medical records to their Notice of Removal that establish that the jurisdictional threshold has, in fact, been met. The medical records show that, subsequent to the accident at issue, plaintiffs each underwent MRIs of the lumbar spine. Jarrit Bower's MRI indicated chronic, partial disc desiccation at L4-5; caudal migration reflects change from prior exam; stable endplate spondylosis and broad-based bulge complex at L5-S1. *R. 1-4.* Heather Bower's MRI indicated mild to moderate disc space narrowing and partial disc desiccation at L5-S1; left lateral disc protrusion/herniation abutting the left L5 nerve root; associated annular fissure; mild left foraminal stenosis; and annular bulge L4-5 w/o spinal stenosis. *R. 1-8.* Medical expenses to date for Jarrit Bower total more than $22,000 and medical expenses for Heather Bower total more than $31,000. Additional medical records show the costs for future pain management expenses associated with the plaintiffs' injuries. The plaintiffs are also seeking damages for loss of property. Therefore, judging by the types of damages that are alleged in the complaint, and based on the record before the Court, the defendants have established by a preponderance of the evidence that the amount-in-controversy requirement under 28 U.S.C. §1332(a) has been met.

### **C.** **Are the Parties Diverse in Citizenship?**

The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference. *Illinois Central Gulf Railroad Co. v. Pargas, Inc*., 706 F.2d 633, 636 (5th Cir. 1983). Therefore, when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged. *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Furthermore, "the burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it." *Gaitor v. Peninsular & Occidental S. S. Co*., 287 F.2d 252, 253 (5th Cir. 1961). For those reasons, "[t]he burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird and Son and Asset Realization Co*., 519 F.2d 1081, 1082 (5th Cir. 1975). Once a motion to remand is filed, the burden is on the removing parties to prove that federal jurisdiction exists. *De Aguilar v. Boeing*, 47 F.3d at 1408.

In the instant case, the plaintiffs allege that remand is proper because defendant State Farm is not diverse in citizenship, arguing that State Farm assumes the citizenship of the plaintiffs – in this case, Louisiana -- for purposes of

jurisdiction. In support of this argument, plaintiffs rely on 28 U.S.C. 1332(c), which states:

> (c) For the purposes of this section and section 1441 of this title –
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> > **(A)** every State and foreign state of which the insured is a citizen;
> > **(B)** every State and foreign state by which the insurer has been incorporated; and
> > **(C)** the State or foreign state where the insurer has its principal place of business . . .

28 U.S.C. §1332(c)(1).

The plaintiffs' interpretation of Section 1332(c)(1) is not supported by the jurisprudence interpreting the statute. As an initial matter, the undersigned notes that federal, not state, law determines a party's citizenship for purposes of diversity jurisdiction. *Gonzalez v. Gov't Employees Ins. Grp.*, 2000 WL 235236, at *2 (E.D. La. Feb. 28, 2000), *citing Rodriguez–Diaz v. Sierra–Martinez,* 853 F.2d 1027, 1030 (1st Cir.1988) (although federal courts apply state substantive law in diversity cases, federal common law governs determination of litigant's state citizenship under

§1332). Likewise, federal law governs the construction of removal statutes. *See Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1092 (5th Cir.1991), *citing Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1349 (1972); *Paxton v. Weaver,* 553 F.2d 936, 940–41 (5th Cir.1977). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870 (1941) ("removal statute which is nationwide in operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied"). Therefore, the determination of whether an action against an uninsured motorist carrier is a "direct action" for purposes of diversity and removal jurisdiction is a question of federal law.

As pointed out by defendants, the Fifth Circuit, as well as numerous courts within the Fifth Circuit, have concluded that Section 1332(c) does not apply to plaintiffs' suits to recover uninsured motorist benefits, finding actions against uninsured motorist providers are not actions against a policy or a contract of *liability* insurance, and suits against uninsured motorist providers are not "direct actions" under §1332(c)(1). *See, e.g., Gonzalez,* 2000 WL 235236 at *3–4, *citing Hernandez v. Travelers Ins. Co.,* 489 F.2d 721, 723 (5th Cir.1974) (holding that liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others and finding

13

an uninsured motorist policy is not a policy or contract of liability insurance). *See also Poynot v. Hicks*, 2002 WL 31040174, at *2 (E.D. La. Sept. 12, 2002) (Section 1332 on its face applies to polices of *liability* insurance and courts in this circuit have repeatedly recognized that an insured's suit against his own UM carrier does not come within the ambit of Section 1332).

With respect to whether a suit against an uninsured motorist carrier is a direct action, "federal courts have consistently held that Congress intended the word 'direct' to limit the word 'action' so that §1332(c)(1) applies only to actions in which an injured party is permitted to sue directly the *tortfeasor's* liability insurer, when the tortfeasor himself was not joined as a defendant." *Gonzalez*, 2000 WL 235236, at *4. In *Gonzalez*, the court held that because the plaintiff sought to recover against an uninsured motorist carrier, Section 1332(c)(1) did not apply, and the uninsured motorist carriers did not assume the citizenship of their insured for purposes of diversity jurisdiction. *Gonzalez*, 2000 WL 235236, at *5.

In the instant case, plaintiffs argue State Farm assumes the Louisiana citizenship of the plaintiffs. However, as in *Gonzalez*, State Farm is not a liability insurer for the purposes of the plaintiffs' claims; rather, it is the plaintiffs' uninsured motorist carrier. Thus, under established jurisprudence, State Farm does not assume the Louisiana citizenship of its insured. In their Notice of Removal,

14

defendants argue that State Farm is incorporated in the State of Illinois with its principal place of business in the State of Illinois and is, therefore, a citizen of Illinois. The undersigned agrees. Because State Farm is a citizen of Illinois, there is complete diversity in this matter.

### III.  CONCLUSION

Considering the foregoing, IT IS RECOMMENDED that the plaintiffs' Motion to Remand [Doc. 9] be DENIED, the undersigned having determined that removal was timely, that the amount in controversy exceeds the jurisdictional threshold, and that there is complete diversity among the parties.

Signed at Lafayette, Louisiana, this 31st day of July, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE